## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

DAVID A. LOVE,

      Petitioner,

v.                                  Case No. 4:22-cv-231-WS-MJF

SECRETARY, DEPARTMENT
OF CORRECTIONS,

      Respondent.

_____/

## REPORT AND RECOMMENDATION

Petitioner David A. Love, proceeding with counsel, has filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. Doc. 1. Respondent ("the State") moves to dismiss or deny the petition because Love's sole claim is procedurally defaulted. Doc. 7. Love did not respond to the motion.[1] The undersigned concludes that no evidentiary hearing is required for the disposition of this matter, and that the petition should be denied because Love's claim is procedurally defaulted.[2]

_____

[1] Love's response deadline expired on September 6, 2022. Doc. 9.

[2] The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(B); *see also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

Page 1 of 18

## I. BACKGROUND FACTS AND PROCEDURAL HISTORY

In Madison County Circuit Court Case No. 2017-CF-195, Love was charged with nine counts of Grand Theft. Doc. 8-2, Ex. B1 at 15-18.[3] Each charge was a third-degree felony punishable by up to 5 years of imprisonment. *Id*.; *see also* Fla. Stat. § 812.014(2)(c); Fla. Stat. § 775.082(3)(e). The evidence against Love included his confession to law enforcement that he forged Billy Burnette's signature on three checks—made payable to Love for $900.00 each—and cashed them. *See* Doc. 8-2, Ex. B1 at 13-14, 19-20. Law enforcement later obtained additional evidence—from Burnette and other sources—that Love actually had forged Burnette's name on nine checks, totaling $7,550.00. *Id*. at 19-20.

Love was appointed counsel and negotiated a plea agreement with the State. Doc. 8-2, Ex. B1 at 29-32. Pursuant to the agreement, Love pleaded guilty to all nine counts of Grand Theft in exchange for the State recommending a sentence of 5 years of imprisonment on Count 1 (suspended) and 5 years on probation for each remaining count, with all terms to be served concurrently. *Id*. at 29-32.

---

[3] Citations to the state court record are to the electronically-filed exhibits provided with the State's motion to dismiss. Doc. 8. The citation references the docket entry number followed by the lettered exhibit. Citations to page numbers of an exhibit are to the numbers appearing at the bottom center of the page.

On November 27, 2017, the trial court accepted Love's plea, adjudicated him guilty of the nine counts of Grand Theft, and sentenced Love consistent with the plea agreement. Doc. 8-11, Ex. B10 (Plea & Sentencing Tr.); Doc. 8-2, Ex. B1 at 37-41 (Order). Love did not appeal.

On January 4, 2019, the Florida Department of Corrections filed an Affidavit of Violation of Probation alleging that Love violated the terms of his probation by committing new law violations (trespass and criminal mischief). Doc. 8-2, Ex. B1 at 47-48. Love was appointed counsel to assist him in the violation of probation proceeding ("VOP"). *Id*. at 51.

On May 8, 2019, the VOP trial court conducted an evidentiary hearing on the VOP charges and found Love guilty of willfully violating the conditions of his probation in a material respect by committing new law violations. Doc. 8-2, Ex. B1 at 61 (Order of Revocation of Probation); Doc. 8-4, Ex. B3 (VOP Hr'g Tr.); Doc. 8-2, Ex. B1 at 64-102 (VOP Judgment). The court revoked Love's probation and also found that Love was a violent felony offender of special concern that posed a danger to the community. Doc. 8-2, Ex. B1 at 61, 114-15; *see also* Fla. Stat. § 948.06(8)(e)2.a. The VOP court ordered that Love serve the 5-year term of imprisonment previously imposed on Count 1. Doc. 8-2, Ex. B1 at 64-102; Doc. 8-4, Ex. B3. As to the remaining counts, the court sentenced Love as follows:

Count 2: 5 years of imprisonment, consecutive to Count 1;

Count 3: 5 years of imprisonment, consecutive to Count 2;

Count 4: 5 years of imprisonment, consecutive to Count 3; and

Counts 5-9: 5 years of probation on each count to run concurrently with each other and concurrent with the sentence imposed on Count 1. Doc. 8-2, Ex. B1 at 64-102; Doc. 8-4, Ex. B3.

On September 11, 2019, Love filed a counseled motion to correct sentencing error under Florida Rule of Criminal Procedure 3.800(b)(2), asserting that there was an error on his criminal punishment code scoresheet. Doc. 8-5, Ex. B4 (Mot.); Doc. 8-6, Ex. B5 (Scoresheet). After receiving no ruling on the motion within 60 days, Love appealed to the Florida First District Court of Appeal ("First DCA"). Doc. 8-7, Ex. B6.

The First DCA affirmed Love's convictions, but reversed and remanded for resentencing:

> After being convicted and sentenced, Appellant moved to correct a sentencing error under Florida Rule of Criminal Procedure 3.800(b)(2), asserting that the scoresheet erroneously included thirty points for "prior serious felony." He appealed when his motion was deemed denied. *See* Fla. R. Crim. P. 3.800(b)(2)(B). Upon review, we agree with Appellant's argument and with the State's concession of error regarding the scoresheet's erroneous inclusion of the additional points. Because the record does not conclusively show that Appellant would have received the same sentence had a correct scoresheet been used, we reverse for the trial court to resentence Appellant using a

correctly calculated scoresheet. *See Ray v. State*, 987 So. 2d 155, 156 (Fla. 1st DCA 2008).

Thus, we Affirm Appellant's convictions but Reverse and Remand for resentencing pursuant to a correctly calculated scoresheet.

*Love v. State*, No. 1D19-2344, 298 So. 3d 735 (Fla. 1st DCA 2020) (per curiam) (copy at Doc. 8-9, Ex. B8).

Love's re-sentencing hearing was held on October 14, 2020. Doc. 8-12, Ex. C1 at 99-109 (Resentencing Hr'g Tr.). The VOP trial court determined, again, that Love was a violent felony offender of special concern that posed a danger to the community. Doc. 8-12, Ex. C1 at 17-18. Having reviewed the corrected scoresheet, the VOP trial court imposed the same sentences as before. *Id*. at 59-81.

Love filed a notice of appeal. Love's appellate counsel filed an *Anders* brief,[4] stating in relevant part:

> The statement of judicial acts to be reviewed asserts this court should review the judgment and sentence. The record indicates the court imposed a sentence authorized by the Criminal Punishment Code. This court should review the propriety of the trial court's rulings, but they appear to be legal upon review by undersigned counsel.

Doc. 8-14, Ex. C3 at 3.

The First DCA provided Love the opportunity to file a *pro se* brief. Doc. 8-16, Ex. C5. In response, Love asked for permission to file a *pro se* Rule 3.800(b)

---

[4] *Anders v. California*, 386 U.S. 738 (1967).

motion to correct sentencing error in the lower court. Doc. 8-15, Ex. C4. The First

DCA granted Love's request.

On February 21, 2021, Love filed in the state circuit court a *pro se* Rule

3.800(b) motion, providing notice of same to the First DCA. *See* Doc. 8-13, Ex. C2

at 114-20. The state circuit court denied Love's Rule 3.800(b) motion on March 29,

2021. *Id*. at 121-26. The order stated, in relevant part:

> [T]he Defendant argues that his consecutive 5-year prison terms in the
> instant case are illegal. Specifically, the Defendant argues that this
> Court erred in ordering his sentences in Counts 1-4 consecutive to each
> other because all nine counts were alleged to occur at the same time and
> were charged in the same information. According to the Defendant, the
> State erroneously sought this enhancement by labelling him a violent
> felony offender of special concern, which it could not do since this
> "must be done on original sentence and not on violation." *Motion at 4*.
> The Defendant further argues that running his sentences consecutive to
> one another is "disproportionate to the governing conditions" upon
> which he was advised at his original sentencing. *Motion at 1-2*. As such,
> the Defendant seeks to have his current sentences vacated and to be
> resentenced so that all of his 5-year prison terms are ran concurrent to
> one another.
>
> However, contrary to the Defendant's assertions, the sentencing
> court has discretion to impose consecutive, rather than concurrent,
> sentences for multiple crimes of conviction charged in the same
> information. See § 921.16, Fla. Stat. ("A defendant convicted of two or
> more offenses charged in the same indictment, information, or affidavit
> . . . shall serve the sentences of imprisonment concurrently *unless the
> court directs that two or more of the sentences be served
> consecutively*.") (emphasis added); see also Harris v. State, 771 So. 2d
> 565, (Fla 5th DCA 2000) ("[Defendant's] contention that the trial court
> erred in imposing consecutive, as opposed to concurrent, sentences is
> without merit in light of section 921.16(1), Florida Statutes (1994),

Page 6 of 18

which gives a court discretion in ordering the manner in which sentences are to be served.")

Furthermore, the State did not err in seeking to have the Defendant designated a violent felony offender of special concern at his violation of probation hearing; rather, a violation of probation hearing is the appropriate time to seek such a designation and determine whether a defendant poses a danger to the community. See Mobley v. State, 295 So. 3d 1252 (Fla. 1st DCA 2020) ("In revoking his probation, the trial court orally found Quentin Jerrod Mobley to be a violent felony offender of special concern."); Hernandez v. State, 259 So. 3d 907, 910 (Fla. 2d 2018) ("[T]he State may seek the VFOSC designation if and when [defendant] violates his probation."); Jeffers v. State, 106 So. 3d 37, 38 (Fla. 2d DCA 2013) (following a violation of probation hearing, defendant was designated a violent felony offender of special concern). Moreover, the statute authorizing courts to designate a defendant a violent felony offender of special concern is not a sentence-enhancing statute. Instead, the statute removes a court's authority to dismiss a violation of probation warrant prior to hearing, if a court finds a violent felony offender of special concern, and if the Court further finds the VFOSC poses a danger to the community, the statute requires that the offender's probation be revoked, rather than reimposed or modified. See 948.06 (8), Fla. Stat. Nothing in section 948.06, Florida Statutes, allows for a court to enhance a sentence beyond that which is already authorized by law. Accordingly, the State did not err in seeking the Defendant's designation as a violent felony offender of special concern at his violation of probation hearing, nor did this Court use this designation to illegally enhance the Defendant's sentence.

Finally, this Court will address the Defendant's claim that running his sentences consecutive to one another is "disproportionate to the governing conditions" upon which he was advised at his original sentencing. In so far as the Defendant is claiming that he was misadvised by his public defender, such claims are not properly raised in a motion to correct sentencing error. See, e.g., Pylant v. State, 134 So. 2d 3d 533, 534 (Fla. 5th DCA 2014) (misadvice of counsel claims properly brought in a postconviction motion filed pursuant to rule 3.850). Nonetheless, as to the Defendant's concerns that this Court did

Page 7 of 18

not have the authority to sentence him to consecutive sentences when his original sentences were ordered to run concurrent to each other, this Court finds this claim to be meritless.

       The Florida Supreme Court has long held that "the violation of probation opens a new chapter in which the court ought to be able to mete out any punishment within the limits prescribed for the crime." Bilyou v. State, 404 So.2d 744, 745 (Fla. 1981). "Thus, 'when a defendant pleads guilty pursuant to a plea bargain and the court places him on probation, if he violates his probation the court can sentence him to a term in excess of the provisions of the original bargain.'" Zambuto v. State, 413 So. 2d 461, 463 (Fla. 4th 1982) (quoting State v. Segarra, 388 So. 2d 1017, 1018 (Fla. 1980)). Moreover, "'[t]he fact that the original terms of probation were ordered to run concurrently does not mandate that the sentences imposed after violation of probation also run concurrently.'" Jenkins v. State, 269 So. 3d 584, 585 (Fla. 1st DCA 2019) (quoting Troncoso v. State, 825 So. 2d 494, 497 (Fla. 3d DCA 2002)). Accordingly, the Defendant's claim that his original concurrent sentences barred imposition of consecutive sentences upon a violation of probation is without merit.

Doc. 8-13, Ex. C2 at 123-25.

On March 18, 2021, Love filed another, almost identical Rule 3.800(b) motion. Doc. 8-13, Ex. C2 at 127-35. The circuit court dismissed the motion as successive. *Id*. at 141.

On May 24, 2021, the record in Love's appeal from his VOP resentencing was supplemented with the record of his *pro se* Rule 3.800(b) motions. Doc. 8-13, Ex. C2 (Cover Page). On December 21, 2021, the First DCA affirmed Love's VOP judgment and sentences, *per curiam* and without written opinion. *Love v. State*, No.

1D20-3216, 330 So. 3d 895 (Fla. 1st DCA 2021) (Table) (copy at Doc. 8-17, Ex. C6).

Love filed his counseled federal habeas petition on June 23, 2022. Doc. 1. The petition identifies Love's VOP judgment as the judgment being challenged. *Id*. at 1. Love presents one claim: "The Defendant's sentence structure is illegal and violates due process." *Id*. at 5. In support. Love alleges the following:

> The Defendant was originally sentenced to 5 years probation with a 5 years suspended sentence. It was his understanding and the pronouncement of the original sentencing judge that he could receive only a 5 year sentence if he violated. Instearad [sic] of abiding by the terms of the original plea and sentence, he received a 20 year setence [sic] (5 years run consecutive [sic] on counts 1-4) which violated the terms of the Defendant's original plea. The trial judge after finding the Defendant in violation was not authorized to impose consecutive sentences.

*Id*. at 5. As relief, Love seeks the following: "Order that the Defendant be resentenced to a legal sentence that does not exceed 5 years in prison." *Id*. at 15. Love asserts that he exhausted this claim by raising it in his appeal from his VOP resentencing. *Id*. at 6.

The State moves to dismiss Love's petition on the ground that his federal due process claim is procedurally defaulted. The State asserts that (1) Love failed to raise his federal due process claim in the state circuit court at the resentencing hearing or in his Rule 3.800(b) motions; (2) Love failed to raise his federal due process claim

in his appeal after resentencing; (3) Love failed to appeal the state circuit court's rulings on his *pro se* Rule 3.800(b) motions; and (4) Love is procedurally barred from returning to state court to exhaust his federal constitutional challenge to his VOP sentences. Doc. 7 at 5-7.

## II. FEDERAL HABEAS EXHAUSTION REQUIREMENT AND PROCEDURAL DEFAULT

"To respect our system of dual sovereignty, the availability of habeas relief is narrowly circumscribed." *Shinn v. Ramirez*, 596 U.S. ___, 142 S. Ct. 1718, 1730 (2022) (citations omitted). One such constraint is the exhaustion requirement and corollary principle of procedural default. *See* 28 U.S.C. § 2254(b); *Shinn*, 142 S. Ct. at 1731-32.

Section 2254 "requires state prisoners to 'exhaust the remedies available in the courts of the State' before seeking federal habeas relief." *Shinn*, 142 S. Ct. at 1732 (quoting 28 U.S.C. § 2254(b)(1)(A)) (alteration adopted). "To satisfy the exhaustion requirement, the petitioner must have fairly presented the substance of his federal claim" to the state's highest court, either on direct appeal or on collateral review. *Picard v. Connor*, 404 U.S. 270, 277-78 (1971); *Castille v. Peoples*, 489 U.S. 346, 351 (1989); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional

issues by invoking one complete round of the State's established appellate review process.").

A federal habeas petitioner does not satisfy the exhaustion requirement merely by presenting the state court with all the facts necessary to support his claim, or by presenting a somewhat similar claim. *Kelley v. Sec'y for Dep't of Corr*., 377 F.3d 1317, 1343-44 (11th Cir. 2004). "The petitioner must present his claims to the state courts such that they are permitted the 'opportunity to apply controlling legal principles to the facts bearing upon (his) constitutional claim.'" *Kelley*, 377 F.3d at 1344 (quoting *Picard*, 404 U.S. at 277); *French v. Warden, Wilcox State Prison*, 790 F.3d 1259, 1270-71 (11th Cir. 2015) (reaffirming that a habeas petitioner must "present his claims to the state court 'such that a reasonable reader would understand each claim's particular legal basis and specific factual foundation.'" (quoting *Kelley*, 377 F.3d at 1344-45)).

When a petitioner fails to exhaust his federal claim and the state court remedy no longer is available, that failure to exhaust is a procedural default. *O'Sullivan*, 526 U.S. at 839-40; *see also Bailey v. Nagle*, 172 F.3d 1299, 1303 (11th Cir. 1999) (holding that when a petitioner fails to properly exhaust a federal claim in state court, and it is obvious that the unexhausted claim now would be procedurally barred under state law, the claim is procedurally defaulted).

> Together, exhaustion and procedural default promote federal-state comity. Exhaustion affords States an initial opportunity to pass upon and correct alleged violations of prisoners' federal rights, and procedural default protects against the significant harm to the States that results from the failure of federal courts to respect state procedural rules. Ultimately, it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without giving an opportunity to the state courts to correct a constitutional violation, and to do so consistent with their own procedures.

*Shinn*, 142 S. Ct. at 1732 (internal quotation marks and citations omitted, alteration adopted).

A petitioner seeking to overcome a procedural default must "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claim[ ] will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *Lucas v. Sec'y, Dep't of Corr.*, 682 F.3d 1342, 1352–53 (11th Cir. 2012). A petitioner establishes "cause" by showing that an objective factor external to the defense impeded an effort to properly raise the claim in the state court. *Henderson v. Campbell*, 353 F.3d 880, 892 (11th Cir. 2003). A petitioner establishes "prejudice" by showing at least a reasonable probability that the proceeding's result would have been different. *Id*.

To satisfy the miscarriage of justice exception, the petitioner must show that "a constitutional violation has probably resulted in the conviction of one who is

Page 12 of 18

actually innocent." *Schlup v. Delo*, 513 U.S. 298, 327 (1995). "To establish the requisite probability, the petitioner must show that it is more likely than not that no reasonable juror would have convicted him." *Schlup*, 513 U.S. at 327. The *Schlup* standard is very difficult to meet:

> a substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare. To be credible, such a claim requires [a] petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that that was not presented at trial.

*Id.*, 513 U.S. at 327.

## III. DISCUSSION

As noted above, federal habeas courts "do not require a verbatim restatement of the claims brought in state court," but the claims that the prisoner presented to the state court must allow "a reasonable reader [to] understand each claim's particular legal basis and specific factual foundation." *McNair v. Campbell*, 416 F.3d 1291, 1302 (11th Cir. 2005) (internal quotation marks and citation omitted). A petitioner can indicate the federal-law basis for his claim "by citing in conjunction with the claim the federal source of law on which he relies or a case deciding such a claim on federal grounds, or by simply labeling the claim 'federal.'" *Baldwin v. Reese*, 541 U.S. 27, 32 (2004). A habeas petitioner does not exhaust his state remedies by merely (1) going through the state courts; (2) presenting to the state courts all the facts

necessary to support the federal claim; or (3) presenting to the state courts "a somewhat similar state-law claim." *McNair*, 416 F.3d at 1302 (internal quotation marks and citation omitted).

Love did not raise a *federal due process* challenge to his VOP judgment or resentencing (or, for that matter to his original plea, judgment, or sentence) in any of his state-court filings. Love's pleadings in his Rule 3.800(b) proceedings and appeal of his VOP resentencing did not label his claim as a federal due process claim, did not cite to any federal cases, and did not identify a federal due process standard applicable to his claim. Love consistently framed his arguments as state-law sentencing errors.[5] Love cited exclusively to state-law cases, and all of his substantive arguments addressed Florida law. Thus, Love failed to exhaust his federal due process claim.

The State maintains that Florida's rules of procedure now bar Love from returning to state court to exhaust his federal due process claim because: (1) Love's time to appeal his VOP sentences expired (citing Fla. R. App. P. 9.140(b)(3)); (2) he cannot re-litigate his claim as a due-process violation via a state habeas petition

---

[5] Further, as the VOP circuit court advised Love, any claim challenging counsel's representation was different than a trial-court-error claim and only could be raised in a motion for postconviction relief under Florida Rule of Criminal Procedure 3.850. *See* Doc. 8-13, Ex. C2 at 125.

because "habeas corpus is not a second appeal and cannot be used to litigate or relitigate issues which could have been, should have been, or were raised on direct appeal," (quoting *Breedlove v. Singletary*, 595 So. 2d 8, 10 (Fla. 1992)); and (3) Love cannot re-litigate his claim as a due-process violation via a motion for postconviction relief under Fla. R. Crim. P. 3.850, because that procedure is not available for claims that could have or should have been raised at trial and, if properly preserved, on direct appeal of the judgment and sentence (citing Fla. R. Crim. P. 3.850(c); *Moore v. State*, 768 So. 2d 1140, 1142 (Fla. 1st DCA 2000)). Doc. 7 at 6-7.

Love has not responded to the State's motion and has not provided any argument countering the procedural default defense. The undersigned concludes—for the reasons enumerated above—that Love's due process claim is procedurally defaulted.[6] *Snowden v. Singletary*, 135 F.3d 732, 737 (11th Cir. 1998) ("Federal courts may apply state rules about procedural bars to conclude that further attempts at exhaustion would be futile."); *Hunt v. Comm'r, Ala. Dep't. of Corr.*, 666 F.3d 708, 730 (11th Cir. 2012) ("[W]hen, because of a state procedural bar, further efforts to exhaust state remedies would be futile, the unexhausted claim is procedurally

---

[6] Again, as set forth in the procedural history, Love's counseled habeas petition raises a narrow claim that the parties agree could have been raised—and according to Love *was* raised—in Love's appeal from his VOP resentencing.

defaulted." (citing *Bailey*, 172 F.3d at 1305; *Collier v. Jones*, 910 F.2d 770, 773 (11th Cir. 1990))).

Love has made none of the requisite showings to excuse his procedural default. Love's procedural default bars federal habeas review of his claim.

## IV. A CERTIFICATE OF APPEALABILITY IS NOT WARRANTED

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." 28 U.S.C. § 2254 Rule 11(a). A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. *See* 28 U.S.C. § 2254 Rule 11(b).

"[Section] 2253(c) permits the issuance of a COA only where a petitioner has made a 'substantial showing of the denial of a constitutional right.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting 28 U.S.C. § 2253(c)). "At the COA stage, the only question is whether the applicant has shown that 'jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" *Buck v. Davis*, 580 U.S. ___, 137 S. Ct. 759, 774 (2017)

(quoting *Miller-El*, 537 U.S. at 327). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (emphasis added). Here, Petitioner has not made the requisite demonstration. Accordingly, the court should deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." 28 U.S.C. § 2254 Rule 11(a). If there is an objection to this recommendation by either party, that party may bring such argument to the attention of the district judge in the objections permitted to this report and recommendation.

## V. CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

1.    Respondent's motion to dismiss, Doc. 7, be **GRANTED**.

2.     The petition for writ of habeas corpus, Doc. 1, challenging Petitioner's VOP judgment and sentence in *State of Florida v. David Allen Love*, Madison County Circuit Court Case No. 2017-CF-195, be **DENIED**.

3.     The District Court **DENY** a certificate of appealability.

4.     The clerk of court close this case file.

At Pensacola, Florida, this 30th day of September, 2022.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.**